UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIGEL LEE WHITTAKER,

      Plaintiff,

                                 Case No. 1:23-cv-284

v.

                                 HON. ROBERT J. JONKER

UNKNOWN LEONARD, et al.,

      Defendant.

_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Kent's Report and Recommendation, (ECF No. 41), Plaintiff's Objections to the Report and Recommendation, (ECF No. 43), and Defendants' response thereto (ECF No. 44).  Under the Federal Rules of Civil Procedure, where—as here—a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on *de novo* reconsideration, he or she finds it justified." 12 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3070.2 (3d ed. June 2024 update). Specifically, the Rules provide that:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3).  *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co., Inc.*, 656 F.2d 1208, 1215 (6th Cir. 1981).  The Court has reviewed *de novo* the claims and evidence presented to the Magistrate Judge.

After its review, the Court finds that Judge Kent's Report and Recommendation is factually sound and legally sound.

## DISCUSSION

Plaintiff Whittaker alleges that on September 26, 2022, he peacefully requested that Defendants escort him away from his cellmate and into segregation.  (ECF No. 1, PageID.9). Instead, Whittaker says that Defendants Leonard, Schrader, and Sipka unnecessarily grabbed and pulled upon his arms and legs, kneed him in the back, stepped on him, and placed him in a restraint chair, causing "excruciating pain and suffering."  (*Id.*, PageID.10-11).  Whittaker claims that throughout this interaction "he was neither resisting nor fighting [Defendants] at all."  (*Id.*, PageID.11).  As such, Defendant Leonard, Schrader, and Sipka's use of force was unnecessary, excessive, and in violation of Whittaker's Eighth Amendment rights.  And Defendant Gregory stood idly by, failing to intervene.  (*Id.*, PageID.12).

On November 20, 2024, Defendants moved for summary judgment on the merits of Whittaker's Eighth Amendment claim, (ECF No. 30).  In their summary judgment brief, Defendants emphasized that, although Whittaker claims that he neither fought nor resisted the officers, Whittaker refused repeated commands to return to his cell.  (ECF No. 31, PageID.166). Furthermore, Whittaker engaged in passive resistance by falling to the floor and creating a disruption in his housing unit.  (*Id.*, PageID.166-167).  And Defendants say that video footage of the incident undermines Whittaker's allegations of excruciating pain and suffering; at no point does Whittaker appear distressed.  (*Id.*, PageID.167 (citing Defs.' Ex. C)).  After agreeing that the video footage "does not depict [Whittaker] in distress during the escort or transport via restraint chair" and acknowledging Whittaker's admission that he was not injured, the Magistrate Judge concluded that Defendant Leonard, Schrader, and Sipka's use of force was *de minimis*, entitling

them to summary judgment as to Whittaker's Eighth Amendment claim.  (ECF No. 41, PageID.274-275).  And because "there was no excessive force which required [Defendant] Gregory to intervene," the Magistrate Judge concluded that Defendant Gregory was likewise entitled to summary judgment.  (*Id.*, PageID.275).  Whittaker objects to the Report and Recommendation, asserting that there are genuine issues of material fact concerning the amount of force utilized by Defendants and whether Whittaker posed a safety and security risk to officers and other inmates.  (ECF No. 43, PageID.281).  Whittaker maintains that because he was handcuffed, Defendants were just unjustified in utilizing any force against him.  (*Id.*, 282-283).

To reiterate, this Court has reviewed the evidence presented to the Magistrate Judge, including Whittaker's sworn statement, (ECF No. 34), Defendants' sworn statements (ECF Nos. 31-3, 31-5, 31-6, 31-7), and the video footage thereof, (ECF No. 31-4 (Defs.' Ex. C)).[1]  There are truly few discrepancies among the parties' recollections of the events underlying Whittaker's complaint.  The parties agree that Whittaker asked to be taken to segregation and refused orders to return to his cell.  (ECF No. 31, PAgeID.165-166; ECF No. 34, PageID.240-241).  The parties agree that Whittaker intentionally "fell" or "collapsed" during the escort back to his cell.  (ECF No. 31, PageID.166; ECF No. 34, PageID.241).  And the parties agree that Defendants held Whittaker to the floor while they awaited the delivery of an emergency restraint chair.  (ECF No. 31-3, PageID.204; ECF No. 34, PageID.241).  After the chair arrived, the parties agree that Defendants placed Whittaker in the restraints and wheeled him back to his cell, where they released him from the chair and placed Whittaker face-down on the floor to remove the remaining restraints. (ECF No. 31, PageID.168-169; ECF No. 34, PageID.242).  The few discrepancies that exist

---

[1]      The video footage is comprised of five separate recordings: one showing the dining hall, one showing the lobby, one showing the lower bathroom, and two showing the lower hallway.

concern the characterization of the force employed by Defendants in restraining Whittaker throughout the interaction.   And video footage of the incident certainly undermines these characterizations.

According to Whittaker, Defendants "aggressively grabb[ed] and pulled" him out of his housing unit's dayroom and towards the stairs.  (ECF No. 34, PageID.241).  But video footage taken from the unit lobby shows Whittaker leading the officers out of the dayroom and towards the stairs.  (Recording at 03:30-03:26).  Whittaker says that after he purposefully fell to the floor, Defendants forced his body into an uncomfortable position and shoved their knees into his back, causing him significant pain and suffering.  (ECF No. 34, PageID.241).  But although the footage shows the officers restraining Whittaker on the ground, Whittaker does not struggle or otherwise appear to be in distress.  (Recording at 03:27-05:46).  Finally, Whittaker says that his arm, leg, and stomach straps were "extremely tight" causing him "more pain and suffering."  (ECF No. 34, PageID.242-243).  But the lobby footage is again devoid of any indication that Whittaker is in distress while being strapped to the emergency restraint chair.  (Recording at 05:48-07:24).  As is the footage showing the lower bathroom and stairs that Whittaker was carried down.  (Recording at 07:05-07:26).  Furthermore, Whittaker confirmed that he did not sustain any injuries during the incident (ECF No. 31-2, PageID.198).

Contrary to Whittaker's objections, these are precisely the kinds of force that the Supreme Court and the Sixth Circuit Court of Appeals have found to be *de minimis*.  *See, e.g.*, *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) ("An inmate who complaints of a 'push or shove' that causes no discernable injury almost certainly fails to state a valid excessive force claim." (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992))); *Jones v. Johnson*, No. 20-1331, 2021 WL 1578185, at *2 (6th Cir. Apr. 21, 2021) (holding that an officer who handcuffed a plaintiff "too tight" during a

prison escort used *de minimis* force); J*ohnson v. Unknown Coolman, R.U.O.*, 102 F. App'x 460, 460-61 (6th Cir. 2004) (finding that officers used *de minimis* force in a legitimate attempt to return the plaintiff to his cell when they pushed the plaintiff into his cell and pulled hard on the security strap attached to his handcuffs).  The Court therefore agrees that no reasonable juror could find that Defendants utilized excessive force against Whittaker or otherwise stood by while others utilized excessive force against him during the September 26, 2022, escort.

**CONCLUSION**

For the reasons set forth above,

 **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 41) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.  A separate Judgment will enter.


Dated:  September 18, 2025         /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   UNITED STATES DISTRICT JUDGE